### CUNNINGHAM v SCHRODY

Ohio Appeals, 7th Dist, Monroe Co

No 270. Decided Nov 22, 1933

T. J. Kremer, Woodsfield, for plaintiff in error.

Matz & Matz, Woodsfield, for defendant in error.

## OPINION

By ROBERTS, J.

It is not disputed by the defendant, but that the plaintiff performed the labor for which he brings this action.

It is contended however, that the work was not performed for the defendant, Gilbert A. Cunningham, but for his father, E. G. Cunningham.

It appears in the evidence, that the plaintiff had worked for E. G. Cunningham, and E. G. Cunningham, doing business as The Twin Oil & Gas Company, more or less intermittently for the period of about 20 years.

These parties among other activities, were engaged in the leasing of oil property and the drilling of wells. At some time not definitely developed, E. G. Cunningham became insolvent, and went into bankruptcy. That at some time previously about the time of the bankruptcy proceedings, or shortly before, E. G. Cunningham, transferred an oil drilling outfit and other items of personal property to his son, the defendant, and that the son thereafter, borrowed $1000.00 from the bank upon the property so conveyed.

It is claimed however, that no valuable consideration was given or paid by the son to the father for this property.

It is claimed by the plaintiff, that at a certain time not very definitely fixed, that the defendant talked with him to the effect, that he then owned the drilling outfit, and gave the plaintiff to understand, that he should look to him, the defendant, for remuneration for work further performed by him.

The defendant denies this. Three witnesses were called by defendant, who were said by the plaintiff, to have heard this statement, who denied any recollection of having heard any such statement made.

The plaintiff is an uneducated man, his accounts are very crudely and carelessly kept, and the defendant and his father, have evidently been quite shiftless in the manner in which their accounts have been kept and their business transactions performed.

The plaintiff has excuse for not producing better accounts, he says that some time previous to this trial, his house was burned, and that his book of accounts which would have set forth more clearly these transactions, was destroyed.

The defense in this case really is, that the indebtedness claimed by the plaintiff against the defendant, is the indebtedness of E. G.

Cunningham, for whom the plaintiff at least originally worked.

It would be a useless task to enter upon any minute discussion, or attempt to weigh the testimony of the parties as to the issue in this case.

The evidence is so obscure, that it is very difficult, if not impossible, for a court whose only knowledge is the reading of the evidence, to acquire an opinion with confidence as to what the actual intention of the parties in this transaction really were. The jury had a much better opportunity than this court, seeing and hearing the witnesses to reach its conclusion. After giving careful consideration to the oral argument, written briefs and the record of the evidence, the extent of the corroborative or contradicted claims of the respective parties, as to when, if at all, the defendant assumed liability for the work of the plaintiff sued on in this action, this court is not able to say that the verdict of the jury is manifestly against the weight of the evidence, that is requisite to a reversal on the weight of the evidence.

Furthermore, this court is not authorized to enter a reversal, unless it can say and find in a journal entry, that substantial justice has not been done to the complaining party. With this mental attitude, upon the question, it follows that the Court of Common Pleas is affirmed.

FARR and POLLOCK, JJ, concur.